ZEHMER, Judge.
Anna Canestrelli, the surviving spouse of Oreste Canestrelli, the employee, appeals a workers’ compensation order dismissing her claim for death benefits on the grounds that such claim is barred by the statutes of limitations contained in sections 440.16(1) and 440.19, Florida Statutes. Because neither of these statutes mandates dismissal under the circumstances shown, we reverse.
On June 1, 1984, Oreste Canestrelli sustained compensable physical and psychiatric injuries as the result of a blow to his skull while working. Torneos Medievales, the employer, and Aetna Life and Casualty Company, the carrier, provided remedial care to Mr. Canestrelli until he left the United States in April or May of 1986. Temporary total disability benefits were paid to Mr. Canestrelli from the date of the accident through April 28, 1987, at which time the employer and the carrier ceased paying all benefits and filed a motion to determine the case status and a motion for compulsory physical and mental examinations. In November 1987, a non-evidentia-ry hearing was held on these motions at which the claimant was represented by counsel. After considering counsel’s argument, an order was entered finding that the employer and the carrier had acted reasonably in suspending compensation benefits to Mr. Canestrelli, because they had been unable to monitor his medical status due to his voluntary absence, and further finding that the employer and the carrier
may hold the status quo until such time as the Claimant returns to the United States and is examined in the United States by an appropriate authorized treating health care provider so that the Employer/Carrier can determine the Claimant’s medical status and need for further indemnity benefits.
(R. 89-91). There is nothing in the record indicating whether, when, or how Mr. Can-estrelli learned of this order.
On February 9, 1988, Mr. Canestrelli died in Italy. On November 20, 1989, Mrs. Can-estrelli filed a claim for death benefits as his surviving spouse. The employer and the carrier filed a motion to dismiss the claim for death benefits, alleging that the claim and existing unappealed order of November 17, 1987, demonstrated that the claim was barred by the applicable statutes of limitations. The only evidence presented at the hearing on this motion was the affidavit of Valerie Johnson, an employee of the carrier, which averred that Mr. Can-estrelli did not request any remedial care between the November 17, 1987, order and the date of his death.
After hearing the argument of counsel, the judge entered an order that included the following findings:
5. I find the Employee voluntarily removed himself from the jurisdiction of this court and never returned. I find further that the Order of November 17, 1987, is a final order and became the law of the case as it was not appealed or modified.
* * * * * *
8. I find that the Employee’s death did not follow continuous disability as evidenced by the following:
a. The Employee voluntarily left the United States and traveled with a circus troupe in Italy after his accident and before his death. There was no evidence by affidavit or otherwise offered to re-butt [sic] this point.
b. The Employee did not receive or seek authorized medical treatment provided by the Carrier after August 28, 1986.
c. The Employee did not receive or request payment of compensation after *208 the April 27, 1987 compensation check was presented for payment.
The facts that the Employee was able to travel with a circus troupe, abandon medical treatment for his compensable condition since 1986, and forego payment of disability compensation since 1987 all indicate that the Employee’s death did not follow a period of continuous disability.
9. In light of the foregoing, the Claim for Death Benefits is barred by the statute of limitations pursuant to Section 440.16(1) of the Florida Statutes. The Employee’s death did not result from the compensable accident within one year of the industrial accident nor did the death follow continuous disability and result from the accident within five years. The Employee’s death did not follow a period of continuous disability, and therefore there is no need to go further in determining whether the death resulted from the accident....
10. In addition to and separate from the grounds for barring the Claim for Death Benefits pursuant to Section 440.-16(1) of the Florida Statutes, the Claim for Death Benefits is also barred pursuant to Section 440.19 of the Florida Statutes due to the Employee’s voluntary abandonment of his rights to benefits. As reasons for determining that the claim is also barred under Section 440.19 of the Florida Statutes I hereby note the following:
a. The Claim for Death Benefits was filed more than two years after the Employee last received medical treatment or compensation provided by the Carrier.
b. The Employee’s wife, the Claimant here, has been involved in this case from its inception. For example, the wife, through counsel, was the respondant [sic] at the November 5, 1987 hearing, and through counsel, was actively involved in the litigation of the claim.
c. The wife’s right to death benefits is derivative in nature from the Employee’s own right to benefits. For example, if Employee's injuries had been found not to be compensable under the Workers’ Compensation Act, he would not have been entitled to benefits; and as a result, no right to death benefits would have existed for the wife. The right to death benefits is derivative from the establishment of the Claimant’s lawful right to workers’ compensation benefits.
******
e. Since the Employee abandoned his rights to benefits pursuant to the statute of limitations, Section 440.19 of the Florida Statutes, his death can not revive rights and derivative rights to benefits which he chose to give up voluntarily.
(R. 97-104).
On appeal, Mrs. Canestrelli first argues that the judge clearly erred in basing the dismissal of her claim on section 440.19, Florida Statutes, because the claim was filed well within the two-year limitation period prescribed by section 440.19(l)(c). The employer and the carrier argue that in this case, the two-year limitation period contained in section 440.19(l)(c) began to run on November 17, 1987, because at that time an order was entered “judicially withdrawing” Mr. Canestrelli’s entitlement to benefits and that order was never appealed. According to them, the order suspending Mr. Canestrelli’s benefits became the “law of the case,” and unless Mr. Canes-trelli complied with that order prior to the running of the two-year statute of limitations on November 17, 1989, his right to benefits would be permanently extinguished. Since Mr. Canestrelli did not comply with that order, the employer and the carrier argue, he had no basic right to benefits from which death benefits could be derived.
The employer and the carrier’s argument is unsound in several respects. At the outset, we must point out that the November 17, 1987, order did nothing more than stay the case until such time as Mr. Canes-trelli could return to the United States and submit to a medical evaluation; it was not in any sense a final order that awarded or denied Mr. Canestrelli any benefits. The order obviously cannot be treated as a “final appealable order” because it did not dispose of all issues then pending before *209 the judge. Industrial Steel v. Robinson, 444 So.2d 1117 (Fla. 1st DCA 1984); Southern Wine & Spirits, Inc. v. Hernandez, 442 So.2d 1061 (Fla. 1st DCA 1983). The face of the order shows that Mr. Canestrel-li’s continued disability remained at issue in that the order stated that the employer and the carrier could “hold the status quo” until such time as Mr. Canestrelli’s “medical status and need for further indemnity benefits” could be determined. (R. 78-80). Nothing in that order purported to “extinguish” Mr. Canestrelli’s entitlement to benefits. The order was not appealable, did not establish any “law of the case,” and cannot be given any legal effect beyond its terms, which merely put the case on hold pending Mr. Canestrelli’s return to the United States.
Furthermore, there is absolutely nothing in the November 17 order that supports the employer and the carrier’s argument or the conclusion of the judge of compensation claims that:
Since the Employee abandoned his rights to benefits pursuant to the statute of limitations, Section 440.19 of the Florida Statutes, his death can not revive rights and derivative rights to benefits which he chose to give up voluntarily.
(R. 103). This conclusion is obviously based on the erroneous conception that the November 17 order legally extinguished Mr. Canestrelli’s right to all future benefits.
The undisputed facts of this case show quite clearly that section 440.19(l)(c), Florida Statutes,[1] the only portion of section 440.19 that addresses death benefits, cannot operate to bar the claim for death benefits under review. That section is unambiguous in its application, stating:
The right to compensation for death under this chapter shall be barred unless a claim therefor which meets the requirements of paragraph (d) is filed within 2 years after the death, except that, if payment of compensation has been made without an award on account of such death, a claim may be filed within 2 years after the date of the last payment.
This statute of limitations does not reflect any legislative intent that it should begin to run on any date other than the two dates specified, i.e., the date of the employee’s death or the date of the last payment of compensation on account of such death without an award. The employer and the carrier had been paying only temporary disability compensation benefits to Mr. Canestrelli; no death benefits were ever paid. Thus, we cannot accept the employer and the carrier’s argument that this particular statute of limitations began running on November 17, 1987, the date of the order approving the employer and the carrier’s temporary suspension of Mr. Canes-trelli’s benefits.
The alternative ground upon which the judge based his dismissal of-Mrs. Can-estrelli’s death benefits claim was section 440.16(1), Florida Statutes. That section provides in part that the employer shall pay funeral expenses and compensation for death
If death results from the accident within 1 year thereafter or follows continuous disability and results from the accident within 5 years thereafter....
The judge expressly declined to find whether Mr. Canestrelli’s death resulted from the accident. Rather, he concluded that section 440.16(1) barred Mrs. Canestrelli’s claim because her husband’s death “did not follow a period of continuous disability.” (R. 101). The judge based this conclusion on his findings that, “Employee was able to travel with a circus troupe, abandon medical treatment for his compensable condition since 1986, and forego payment of disability compensation since 1987_” (R. 101).
The record contains no evidence whatsoever that supports these findings. No evidence was presented at the November 1987 hearing, and the only evidence presented at the June 1990 hearing was the affidavit of Valerie Johnson. Her affidavit establishes that the employer and the carrier did not *210 pay Mr. Canestrelli any temporary disability compensation or provide him medical treatment after April 1987, but it does not prove that Mr. Canestrelli was not continuing to suffer any disability from his industrial accident, as the judge recited in the order. Nor does the record contain any stipulation by the parties that would provide a basis for any of these findings. The judge’s conclusion that Mr. Canestrelli’s death did not follow a period of continuous disability must be reversed because the findings upon which it is based are not supported by competent, substantial evidence.
Even if the record did contain competent, substantial evidence to support these findings, however, such findings would be legally insufficient to support the conclusion that Mr. Canestrelli’s death did not follow a period of continuous disability. The fact that an employee returns to work, without more, does not preclude a finding of continuous disability under section 440.-16. In re Lupola v. Lindsley Lumber Company, 293 So.2d 354 (Fla.1974). Thus, even if Mr. Canestrelli was working for the circus, as opposed to merely traveling with a circus troupe as is stated in the order, that fact alone would not support a finding that he was not continuously disabled. The finding that Mr. Canestrelli “abandoned medical treatment” likewise would not support such a conclusion, as we are aware of no principle of workers’ compensation law that states that a person must uninterruptedly receive medical treatment to be considered “continuously disabled.” Finally, the finding that Mr. Canestrelli did not request the re-institution of disability compensation after the order of November 17, 1987, does not support the finding that he was not continuously disabled. Mr. Canes-trelli may have allowed his benefits to cease for any number of reasons unconnected to the alleged “fact” that he was no longer disabled. The fact that he would have to return to the United States as a prerequisite to the re-institution of those benefits may have had some bearing on his decision, or he may not have been thinking rationally due to his psychological condition. Why he allowed his benefits to cease is pure speculation. Because nothing in the record supports the judge’s conclusion that Mr. Canestrelli’s death did not follow a period of continuous disability, we cannot uphold the ruling barring Mrs. Canestrelli’s claim for death benefits baséd on section 440.16(1), Florida Statutes.
In conclusion, we note that the burden of proving the statute of limitations defense was on the employer and the carrier, not Mrs. Canestrelli. Her failure to present any evidence at the hearing on the employer and the carrier’s motion to dismiss does not support the dismissal. The employer and the carrier failed to present any evidence supporting application of either of the statutes of limitation on which they relied, and for that reason, their motion should have been denied. For the foregoing reasons, the appealed order is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
WIGGINTON, J., and CAWTHON, Senior Judge, concur.

. This language in section 440.19(l)(c) has not been changed since Mr. Canestrelli's accident in 1984.